McBride v. McBride.

MCBRIDE *v.* MCBRIDE.

(*Jackson.*   April Term, 1902.)

1. **DIVORCE.**  Willful "or" malicious desertion, a ground for.
   Under the Act of 1825, ch. 26, sec. 1, and the decisions of the
      supreme court construing said act prior to the adoption of the
      code in 1858, the desertion or absence of the husband or wife
      for two years without reasonable cause, as a sufficient ground
      for divorce, must have been both wilful *and* malicious, and the
      party must have been actuated by malice in fact; but the
      framers of the code, in the matter of divorce, substituted the
      disjunctive "or" for the copulative conjunction "*and*" found in
      said act, so as to make wilful desertion, without reasonable
      cause, for the statutory period, a sufficient ground for divorce,
      regardless of the existence of malice in fact.

Acts cited and construed:  Acts of 1835, ch. 26, sec. 1.

Code cited and construed:   Sec. 4201, ss. 4 (S.); 3306, ss. 4 (M.
   & V.); 2448, ss. 4 (T. & S. and 1858).

Cases cited and distinguished:  Stewart v. Stewart, 2 Swan,
   591; Rutledge v. Rutledge, 5 Sneed, 555.

FROM DYER.

Appeal from the Chancery Court of of Dyer County.—
JOHN S. COOPER, Chancellor.

MARSHALL & THOMAS, and DEASON, RANKIN & ELDER, for Complainant.

---

MR. JUSTICE BEARD delivered the opinion of the court.

This is a bill filed by a husband against his wife, asking for a divorce *a vinculo,* upon the ground that she had willfully and maliciously, and without reasonable cause, deserted the complainant for a period of more than two years before the institution of this suit. The wife made no defense, and an order *pro confesso* was taken against her.

Upon the trial of the case, the evidence clearly showed that the defendant did desert her husband more than two years before the present bill was filed, avowing at the time that she would not return to him again; that this was done in the face of earnest protest of her husband against her taking this step; and that since then she had continuously lived apart from him. The evidence further clearly showed that the conduct of the husband towards her had been kind and considerate, and that she was without reasonable cause and excuse for thus abandoning him.

Notwithstanding this uncontradicted testimony, and in addition, evidence of the circumspect life of the complainant since the separation, the chancellor declined to grant a divorce, because the husband failed to show that the desertion was willful and malicious on the part of the wife. For this holding he rested on the auth-

ority of *Stewart* v. *Stewart*, 2 Swan, 591 (decided in 1853), and *Rutledge* v. *Rutledge*, 5 Sneed, 555 (decided at the September term, 1858).

Both of these cases arose under chapter 26, section 1, of the Acts of 1835, which provided that one of the causes for a divorce *a vinculo* was the "willful and malicious desertion or absence of the husband or wife, without a reasonable cause, for the space of two years." In both this court held that the desertion must be not only willful, but it must be malicious, and the malice thus required by the statute was malice in fact, rather than malice in law.

In *Rutledge* v. *Rutledge*, supra, it is said that the rule as laid down in *Stewart* v. *Stewart*, supra, was a departure from "the loose construction which had before prevailed," and it was again announced that under the act of 1835 the desertion must not only be willful, but that the party so guilty must be "actuated by malice" towards the party deserted. Our present code was adopted in 1858, and its framers, while following largely the Act of 1835 on the subject of divorce, in the matter of this ground substituted the disjunctive "or" for the copulative conjunction "and," and subsection 4 of section 2448 of the old code (section 4201, subsec. 4 of Shannon's Code) now provides that "willful or malicious desertion of either party without reasonable cause, for two whole years," is a ground for a divorce *a vinculo*.   ·       ʻ ·

There is no claim that this change was accidental on their part. These codifiers were among the most emi-

McBride v. McBride.

nent lawyers of their generation, and it is impossible to conceive that they were unfamiliar with the old practice which had prevailed in the State prior to, and the radical change made by, the ruling in *Stewart* v. *Stewart,* supra.

It is equally incomprehensible that the substitution was without a fixed purpose on their part, and we can imagine no other than that which the substitution as it now reads naturally imports, and that is to make a willful desertion, though without malice in fact, but without reasonable cause for the full period of two years, a sufficient occasion for divorce. The chancellor entertained a different view, and was in error in so doing, and as upon the construction of this clause of the code there was abundant evidence to warrant a divorce to the complainant, the decree declining it will be reversed, and a decree will be entered here in accordance with the prayer of the bill.