### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1909.

---

J. I. CASE THRESHING MACHINE COMPANY *v.* PRYER L.
WATSON, Admr., *et al.*

(*Knoxville.* September Term, 1909.)

1. **CONDITIONAL SALES.** Nonresident seller must advertise
sale by printed handbills, or sale will be rescinded.

The duty imposed by statute (Acts 1889, ch. 81, sec. 1) upon the
seller in a conditional sale of personalty to advertise the prop-
erty for sale upon regaining possession after the buyer's de-
fault, is absolute, and the failure of such nonresident seller to
advertise by printed handbills invalidates the sale, and in ef-
fect rescinds the contract, so that the seller cannot recover the
balance of the purchase price after crediting the amount real-
ized by the sale. The reclaiming creditor's noncompliance with
the statute as to advertisement of the sale is ineffectual to
place any further burden upon the conditional vendee. (*Post, pp.*
152, 153, 156.)

Acts cited and construed: Acts 1889, ch. 81, secs. 1 and 4.

Cases cited and approved: Furniture Co. v. Boon, 102 Tenn., 719.

2. **SAME.** Same. Statute provides for advertisments by printed
handbills by nonresident seller, and by written or printed
notices to be posted by resident seller.

The statute (Acts 1889, ch. 81, sec. 1) providing that the seller
in a conditional sale of personalty, upon regaining possession

148                                                    |[122 Tenn.

Case v. Watson.

of the property after the buyer's default, shall, within ten days thereafter, advertise it for sale by printed handbills, or written or printed notices posted on the door of the courthouse in the county in which the seller resides, and also at two public places in the civil district in which the purchaser resides, provides two modes of advertising the sale, one by printed handbills, applicable where the seller resides in another State or in county other than that in which the purchaser resides, and the other by posting written or printed notices on the courthouse door, and also at two public places in the civil district in which the purchaser resides, applicable where the seller and purchaser live in the same county in this State; and a nonresident seller cannot give notice of a sale in the buyer's county in this State by posting notice, but must give notice by printed handbills. (*Post, pp.* 153, 154, 155, 156.)

Acts cited and construed: Acts 1889, ch. 81, sec. 1.

3. **SAME.** "Printed handbills" for advertising the sale are defined.

The "printed handbills" for advertising the sale of reclaimed property under conditional sales of personalty are printed notices of such sale, giving the time, place, and terms thereof, with a description of the property to be sold, distributed by hand, with reasonable diligence and good faith, among persons living in the neighborhood where the property is, and the sale is to take place. (*Post, p.* 155.)

Acts cited and construed: Acts 1889, ch. 81, sec. 1.

4. **SAME.** Advertisment posted on courthouse door in county of nonresident seller would be an absurdity.

The statute (Acts 1889, ch. 81, sec. 1) prescribing the mode of advertisement of the sale of the reclaimed property under a conditional sale thereof, when properly construed, does not require the seller who is a nonresident of the county or State in which the purchaser lives to post a notice of the sale on the door of the courthouse of the county in which the seller resides. Such a requirement would involve an absurd, foolish, and unnecessary act amounting to an idle ceremony. (*Post, pp.* 153-155, 156.)

Acts cited and construed: Acts 1889, ch. 81, sec. 1.

5.  **STATUTES.**  Construed to give effect to the whole, without absurdities.

A statute should be construed so as to give effect to every part of it, and at the same time avoid absurd conditions.  (*Post, pp.* 156, 157.)

6.  **SAME.**  Where the disjunctive conjunction "or" is interpreted as used to indicate alternative conditions, a comma may be inserted after the preceding word.

The word "or" occurring in the conditional sales statute (Acts 1889, ch. 81, sec. 1) providing that a conditional seller, on regaining possession upon the buyer's default, shall advertise the property for sale "by printed handbills or written or printed notices," etc., is used as a disjunctive conjunction in its ordinary meaning to indicate an alternative; and the court, in interpreting the statute, may properly insert a comma after the preceding quoted word "handbills."   (*Post, pp.* 154, 156-158.)

Acts cited and construed:   Acts 1889, ch. 81, sec. 1.

Cases cited and approved:   Whitesides v. State, 4 Cold., 175; McBride v. McBride, 111 Tenn., 616; Kuehner v. Freeport, 143 Ill., 92; Caster v. McClellan, 132 Iowa, 502.

7.  **CONDITIONAL SALES.**  Advertisment by printed handbills distributed a reasonable time before the sale, which may be ten days, when.

The conditional sales statute (Acts 1889, ch. 81, sec. 1) providing that a conditional seller, on regaining possession upon the buyer's default, shall advertise the property for sale by printed handbills, or written or printed notices posted at least ten days before the day of sale, etc., though permitting and requiring the resident seller's advertisement of the sale to be by written or printed notices posted for ten days before the sale, and the nonresident seller's advertisement to be by printed handbills distributed, without fixing the time before the sale for the distribution of the printed handbills, requires the seller, when permitted to advertise by printed handbills, to distribute the same a reasonable time before the sale, which may probably be the same time as in the other mode, namely, ten days.  (*Post, pp.* 153, 154, 158.)

Case v. Watson.

FROM MONROE.

Appeal from the Chancery Court of Monroe County. T. M. McConnell, Chancellor.

Young & Young, for complainant.

McCroskey & Pease, for defendants.

Mr. Chief Justice Beard delivered the opinion of the Court.

The bill in this cause was filed to recover a balance alleged to be due on notes executed by one William Donahoo to the complainant company as the purchase price of machinery contracted and delivered by the complainant to him. To secure the payment of these notes, the title to the machinery was retained by the vendor. The purchaser having died, the defendant P. L. Watson was appointed administrator of his estate. Upon the ground that his intestate, for just reasons, had abandoned the contract, he declined to recognize these notes as claims against the estate. Thereupon the complainant took possession of the machinery and made sale of the same. Failing to realize the full amount of the purchase-money notes at this sale, which, it is alleged, was made "under and in accordance with the act of the State of Tennessee of the year 1899, chapter 81, regulating conditional sales of personalty," this suit was instituted for the purpose stated above.

A number of defenses were set up in the answer of the administrator, among them being a denial that complainant had complied with the statute in question.

On this point the record shows that, immediately after taking possession of the property, it was advertised by the complainant for sale by printed posters that were put up in the civil district within which Donahoo lived and died, and where, also, his administrator lived; one of them being placed on the courthouse door in the town of Madisonville, located within that civil district, and others in public places in other parts of Monroe county, where the machinery was. It is insisted that in this there was a failure to comply with the requirement of the statute referred to.

Upon regaining possession of property by a vendor in a conditional sale, because of the failure of the vendee to pay the full purchase money, as provided in the contract of sale, "the statutory duty of within ten days thereafter advertising the same for sale in the manner prescribed by the act is imperative, and a failure to discharge this duty in any important particular makes the vendor so reclaiming liable to the original purchaser for the part of the consideration theretofore paid." *Whitelaw Furniture Co.* v. *Boon*, 102 Tenn., 719, 52 S. W., 155. It is true that no part of the purchase money in the case at bar was paid, and the particular question presented in this case just cited does not arise here; but the principle there announced is equally controlling.

Case v. Watson.

The insistence of the defendant on the point at issue is that no "notice of this sale was posted on the door of the courthouse of the county" where the "seller" resided, and that this being so, the sale was ineffectual to place any liability upon the estate of Donahoo, the deceased.

The conditional vendor in the present case is a corporation, with its *situs* at Racine, Wis. To have posted notice of this sale on the courthouse door at that point would have been an idle ceremony. We are confident that the legislature never contemplated that where a nonresident vendor made a conditional sale of personalty to a conditional vendee in this State, and then reclaimed the property because of the failure of the latter to comply with the terms of the purchase, in order to make a perfect sale under the act of 1889, notice of the same should be posted at the courthouse of the vendor. Such a requirement would be absurd. The provision as to the duty of the reclaiming vendor is found in section 1 of this act, which is in words as follows:

"That, hereafter, when any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said seller, having regained possession of said property, because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale, for cash to the highest bidder, by printed handbills, or written or printed notices, posted on the door

of the courthouse of the county of which said seller re-
sides; and also at two public places in the civil district
in which said original purchaser resides (said notice
to be posted at least ten days before the day of sale,
and to contain a description of the property to be sold,
and time and place of said sale), unless the debt is sat-
isfied before the day of sale, then it shall be the
duty of said original seller, or his agent, at the time and
place, as stated in said notices, to offer for sale said
property, as provided above.  .  .  .''

This statute, though inartificially drawn, provides for
two modes of giving notice by a reclaiming vendor, one
by ''printed handbills'' and the other by posted notices,
and we are satisfied contemplates two distinctly differ-
ent cases, one that of a nonresident seller with a pur-
chaser residing in this State, or a seller resident in a
county in this State other than that in which the pur-
chaser resides, and the other where the conditional ven-
dor lives in the same county in this State with the con-
ditional vendee. In the first of these cases, as has been
indicated above, the posting of a notice at the courthouse
door of the county of the vendor, residing in another
State, or, in a county in this State other than that of
the residence of the conditional vendee, would be idle
and of no effect, so far as giving notice of the sale was
concerned. To meet such case it therefore provides that
notice of the sale may be given by ''printed handbills.''
It is a matter of common knowledge what these are and
the purpose they are to serve in the matter of a public

sale. They are printed notices of such a sale, giving the time, place, and terms thereof, with a description of the property to be sold, distributed by hand, and it was the evident purpose of the legislature that this should be done with reasonable diligence and good faith among persons living in the neighborhood where the property is and the sale is to take place. When this is done, all opportunity for unfair dealing, as regards the purchaser, and unjust advantage of him is avoided.

The other class embraces the case of the conditional vendor who lives in the same county in this State with the conditional vendee, and the former chooses to make his sale in that county. In such a case the statute provides for the posting at the courthouse of the county, and also two public places in the civil district in which the purchaser lives. This method secures, not only notice to the vendee of the sale which was to take place, but gives publicity to his neighbors, so as to insure the utmost fairness in the sale advertised.

This section bears this construction, and it is only by adopting it that the legislature can be relieved of the charge of having required of the nonresident vendor, as in the present case, a foolish and unnecessary act. In either case, we are satisfied that the noncompliance upon the part of the reclaiming vendor, in any respect, with the requirements of the statute would be ineffectual to convey the property sold, and equally ineffectual to place any other or further burden upon the conditional vendee.

Case v. Watson.

In the present case the provision of the statute, for the benefit of the class to which the complainant belongs, was not availed of; but it saw proper to make advertisement under the other provision, with the result that, as a matter of law, no valid sale was made. In legal effect it was, as section 4 of the act has been construed, a rescission of the contract. This being so, the complainant was not entitled to maintain the present bill as against the administrator of the delinquent vendee.

It follows that the decree of the chancellor, in so far as it grants relief to the complainant, is reversed, and the bill is dismissed.

### ON REHEARING.

Mr. CHIEF JUSTICE BEARD delivered the opinion of the Court.

A petition for rehearing in this case has been presented, in which it is insisted the court, in the opinion handed down, has changed the meaning of section 1, c. 81, p. 117, Acts 1889, invoked in the cause, by placing as is done, in the excerpt from the act, a comma after the words "printed handbills," when in the original there is no such mark of punctuation. It is conceded by counsel of the petitioner that, thus punctuated, the section "is subject to the interpretation that the advertisement may be made in either one of the two manners [modes?]; that is to say, by printed handbills, or written or printed notices, posted on the door of the courthouse."

That it should be construed so as to give effect to

every part of the section, and at the same time avoid absurd conditions, is certainly true.   In the effort to do this, the question raised in the petition for rehearing is: Has the court kept itself within sound canons of interpretation?   While the disjunctive conjunction "or" is sometimes used in a sentence to connect synonyms, yet it is ordinarily employed in stating alternative subjects and ideas.   Illustrations of these several uses are to be found in the standard works of grammarians and lexicographers.   For instance, in the phrase, "The Prime Minister, or head of the British Cabinet," it evidently introduces a synonym, while in the sentence, "He may study law, or medicine or divinity, or may go into trade," it as clearly marks alternative conditions; and the section of the act under consideration equally illustrates the two distinct uses to which the particle may be applied.   But, whether used in one form or the other, the best authorities recognize the comma preceding the particle as proper, if not essential, to bring out the the true meaning of the sentence.

Not only have grammarians and lexicographers defined the word "or" as ordinarily indicating an alternative, but the courts in many cases have adopted and applied this definition.   *Kuehner v. Freeport,* 143 Ill., 92, 32 N. E., 372, 17 L. R. A., 774; *Caster v. McClellan,* 132 Iowa, 502, 109 N. W., 1020; *Whiteside v. State,* 4 Cold., 175; *McBride v. McBride,* 111 Tenn., 616, 69 S. W., 781.

It was by giving the particle "or" its ordinary, and, as we think, its obvious, meaning, and then punctuating the clause, as approved by the best authorities, that the interpretation was reached, the soundness of which is complained of in this petition. It was assumed that, in the preparation of the act, by inadvertence or clerical omission the section was left by the draftsman to read as it is found published.

It is insisted, however, reading the section thus construed, no provision is made for the length of time before the sale that printed handbills announcing the same should be distributed. This is true; but, when the reclaiming seller is permitted to give notice in this form, the statute implies reasonable notice, and if he should undertake to make a mockery of this provision, by resorting to a trick or device which would be the equivalent of no notice, the courts, when applied to, would see that he, rather than the unfortunate purchaser, was the victim of the wrongdoing.

As is said in the opinion, in such case reasonable notice would be essential, and, while no fixed limitations can be given for this notice, it may, possibly, be properly inferable that the notice implied in the distribution of handbills would be the same as where notice is given in the other mode provided in the section.

Upon re-examination of the question, we are satisfied with the conclusion heretofore announced, and it is therefore adhered to.

The petition for rehearing is dismissed.