## Tom Allen *v.* J. H. Reed.

### (*Nashville.* December Term, 1922.)

1. **SALES.** Notice of sale of chattel after default by purchaser under contract of sale need not remain posted full ten days.

   Under Shannon's Code, section 3669, providing that, after default by the purchaser under a conditional contract sale, the vendor, upon regaining possession of the chattel, shall advertise and sell same at public auction, after having posted at least three notices of such sale ten days before the day thereof, it is not necessary that such notices so posted shall remain posted during the whole ten days, and a sale is not invalidated because, after posting, a notice has been removed or destroyed. (*Post, pp.* 615, 616.)

   Code cited and construed: Sec. 3669 (S.).

2. **TIME.** Under conditional sales statute, not necessary that ten full days elapse after posting notices before sale by vendor after default of purchaser.

   In view of Shannon's Code, section 60, providing "the time within which any act . . . is to be done, shall be computed by excluding the first day and, including the last," it is not necessary that ten full days elapse from the time of posting notice by vendor of an auction sale of chattel after default of a purchaser under a conditional sales contract, and, where notices were posted on the 7th of the month, *held*, that sale on the 17th was valid. (*Post, pp.* 616-618.)

   Code cited and construed: Sec. 60 (S.).

3. **SALES.** Notices of vendor's sale of chattel after default of purchaser under conditional sales agreement held sufficient.

   Notices of auction sale after default of a purchaser under a conditional sales contract, posted by the vendor under such contract, which gave the name of the vendor, the vendee, described the property, named the time and place and purpose of the sale, and desig-

Allen v. Reed.

nated 'the statute under which it was made and signed by deputy sheriff, *held* sufficient under the statute, though the vendor's name did not appear at the time. (*Post, p.* 618.)

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.— HON. JAS. B. NEWMAN, Chancellor.

PRESTON VAUGHN and JEFF McCARN, for appellant.

BOND, FUQUA & BOND, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The complainant, Tom Allen, filed the bill in this cause against the defendant, J. H. Reed, doing business under the name and style of Broadway Motor Company, to recover $1,264.40, part payment upon an automobile, upon the theory that defendant, the vendor, having regained the possession of said automobile, failed to advertise same as required by section 3666 of Shannon's Code, which is as follows:

"When any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale, for cash, to the highest bidder, by written or printed posters posted at as many as three

public places in the county where the property is to be sold, one of said places to be in the district in which said property is to be sold and one at the courthouse door in the county in which the property is to be sold, and the other or third at any public place in the county, said notice to be posted at least ten days before the day of sale, and to contain a description of the property to be sold, and time and place of said sale. Unless the debt is satisfied, before the day of sale, then it shall be the duty of said original seller, or his agent, at the time and place as stated in said notices, to offer for sale, and sell, said property, as provided above, and, with the proceeds of said sale, satisfy the amount of his claim arising from said conditional sale above mentioned and the expenses of advertisement, if any, and the remainder of said proceeds, if any, he shall pay over to the original purchaser; but the said original seller and purchaser may at any time, by agreement, waive the sale provided in this article."

The suit is predicated upon section 3669 of said Code, which is as follows:

"Should the seller, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller that part of the consideration paid, in an action for the same before any justice of the peace or court having jurisdiction of the amount."

The defendant duly answered and denied the allegations of the bill, and by a cross-bill sought a decree for $283, alleging same to be the balance of purchase money due.

Upon the hearing, the chancellor dismissed the original bill, and entered a decree for the defendant upon his cross-bill.

The complainant has appealed to this court and has filed several assignments of error, which raise three questions:

First. It is insisted that notice was not posted for ten days at the courthouse as provided by the statute.

It will be noted that the statute provides that the notice of sale shall be posted ten days before the day of sale, but it does not provide that a sale thereunder shall be ineffectual unless the three notices remain posted for the ten days. Such a provision would have the effect of nullifying the statute, for the vendee could always prevent a valid sale by removing or having removed one of the notices; and the act does not contemplate that the vendor shall stand guard over said notices, day and night, during the ten-day period to prevent their removal or destruction.

The evidence shows that these notices were duly prepared, and Mr. Smith, a deputy sheriff, who had this matter in charge, testified positively that he posted said notices at the three places designated by the statute, including one at the courthouse door. Other witnesses testified to having seen the notices at the two places other than the courthouse.

The record satisfies us that the complainant knew that said automobile had been advertised on March the 7th to be sold on March the 17th, because during said period he repeatedly carried parties to the courthouse with a view of using them as witnesses to prove that no notice was posted there. We find no positive testimony that the notice was not posted at the courthouse, as testified to by

Mr. Smith; and, in our opinion, said notice was posted at the courthouse, but was removed or destroyed.

Second. It is next insisted that said notices were not posted for a sufficient time. The contention is that, since the statute provides that the notices must be posted "at least ten days before the date of sale," ten full days must intervene between the two dates. In other words, that the earliest date upon which this sale could have legally taken place was on March the 18th. To give this interpretation to the act would be to ignore section 60 of Shannon's Code which is as follows:

"The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded."

If this latter section of the Code has no application to this cause, and is not to be construed *in pari materia* with the Conditional Sales Act, then counsel for complainant are correct, and the publication was not made for a sufficient length of time.

We are of the opinion, however, that section 60 does apply, and presumably the legislature had said section of the Code in mind when it enacted the conditional sales statute, and the two should be construed together. The purpose and spirit of section 60 was to shorten the notice based upon the general rule that fractions of a day are not generally regarded in judicial proceedings, by saying, in effect, that in computing time, in such cases, you shall not exclude both the day on which the notice was posted and the day on which the sale was had; and, in the absence of a clearly expressed intention to the contrary, the statute

Allen v. Reed.

fixing the method of computing time should apply. The Conditional Sales Act does not say that "ten full days' " notice shall be given, and to require such would be in violation of section 60.

While the authorities are in conflict upon this question, the weight of authority seems to support the conclusions announced above.

In 38 Cyc. 322, the author says:

"It is an established rule that when notice of so many days is required by statute, order of court, or written instrument before a certain thing is to be done, or a certain event is to occur, the day of giving, serving or publishing the notice is to be excluded and the last day is to be included, so that if the act is done or the event occurs on the last day it is sufficient."

In the note to the text, many cases are cited in support thereof. Also a number of cases will be found in the annotations to Corpus Juris-Cyc.-Service.

In 26 Ruling Case Law, section 18, it is said:

"As a general rule, where an act is required to be done a specified number of days before an event, the required number of days is to be computed by excluding the day on which the act is done and including the day on which the event is to occur."

A number of authorities to the contrary have been cited in the brief of counsel for the complainant. In our opinion, the construction which we have given the statute is not only supported by the weight of authority, but by the general understanding and practice of the profession. Furthermore, it harmonizes the act with the general statute as to the computation of time.

In the third and last place, it is insisted that the notices were deficient in that the name of the seller did not appear at the close of the notice. The notice was as follows:

"Notice of Sale at Public Auction

"Whereas, on the 17th day of May, 1920, Broadway Motor Company conditionally sold to Tom Allen, with the title thereof expressly retained by the vendor until all the conditions of the contract were fully performed by the vendee, the following described property:

"1 Chevrolet touring car No. 48980:

"Now, therefore, default having been made by the vendee in the performance of the contract, and the vendor having now regained possession of said personal property, said vendor will sell same at public auction to the highest bidder for cash at 10 o'clock a. m., 1921, at 1400 Broadway, on March 17, 1921, in accordance with the requirements of chapter 81 of the Acts of 1899, of the General Assembly. of the State of Tennessee.

"P. K. SMITH, Deputy Sheriff.

"Posted this 7th day of March, 1921."

The statute does not require that the name of the seller shall appear at the end of the notice, and, in our opinion, this notice was full and specific and in compliance with the statute. It gives the name of the vendor, the vendee, describes the property and the time and place where same will be sold, states the purpose of the sale, and concludes by designating the statute under which the sale is to be made.

Upon the whole, we find no error in the decree of the chancellor, and it will be affirmed, with costs.