RANGE MOTOR COMPANY *v.* ALBERT C. TIPTON.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

COURTNAY C. HAMILTON, for plaintiff in error.

Cox & TAYLOR, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The facts of this case were stipulated. The defendant in error, Albert Tipton, bargained with the plaintiff in error, Range Motor Company, for an automobile at the price of $1420.88. He paid $575 cash and executed a con-

ditional sales note and contract for the balance of $845.88, payable by installments of $70.49 a month. Subsequent payments reduced the note to $343.17. Default was made. The conditional vendor regained possession and advertised and sold the car at public auction for $400. The balance of the purchase price was satisfied and the excess of $50 paid to defendant in error.

After the sale, defendant in error, alleging failure of the conditional vendor to comply with the statute, Shannon's Code, 3666, sued to recover $1138.34, which, according to the stipulation, was paid before default. The trial judge held the vendor liable for failure to advertise the property in the manner prescribed by the Act. The provisions requiring advertisement according to the statute are held to be imperative and mandatory in *Case* v. *Watson,* 122 Tenn., 152, and other reported cases.

The statute, in substance, requires that the seller having regained possession shall, within ten days thereafter, advertise the property for sale, for cash, to the highest bidder, by written or printed posters, posted at as many as three public places at least ten days before the date of sale and that the notice shall contain a description of the property to be sold and the time and place of sale.

The particular acts of noncompliance upon which defendant in error predicated his right to recover the purchase money paid are the failure of the seller to specify in the sale notice that the property would be sold for cash and the failure to accurately describe the property. The description contained in the contract of sale is one Dodge automobile, being a four passenger Victory description given in the notice of sale was one Dodge coupe, motor number M-47-428, car number M-35200. The

Victory, four-passenger coupe, motor number M 48,428. We copy the notice of sale:

"By virtue of the power vested in undersigned by title retained note dated May 4, 1928, executed by Albert C. Tipton, for the sum of $845.88, payable at the rate of $70.49 per month, the Range Motor Company will offer for sale and sell in front of its place of business on "E" Street, Elizabethton, Carter County, Tennessee, on the 8th day of October, 1929, at 10:30 A. M. one Dodge Victory 4-passenger Coupe, Motor, M 48-428.

"The title to said car was retained in Range Motor Company until said note was fully paid, and default having been made in the payment of said note and said car having been replevined the same will be sold in accordance with the terms of said conditional sale note unless the amount due thereon, together with interest and all costs is sooner paid, the balance due being $343.17."

The object of the statute in requiring the sale notice was to give information to the conditional vendee that his property would be sold at the given time and place and to give information to the public of that fact, so that interested bidders might attend. This notice was sufficient to convey that information to any person or persons of ordinary intelligence. They could see from the notice the time and place of sale, that one Dodge Victory four-passenger coupe would be sold, and it conveyed specific information to defendant in error that it was his automobile advertised to be sold at the time and place stated.

In giving the conditional vendor a summary remedy for the enforcement of the contract, the legislature imposed conditions to be met and the remedy when used must, of course, be strictly pursued. *Ice & Coal Co.* v. *Alley*, 127 Tenn., 173, and *Case* v. *Watson, supra.*

■ But courts would not be authorized to construe the Act so as to lead to absurd consequences. Where the spirit of the Act has been fully complied with and the letter of the Act substantially complied with, and complied with in such manner as to conserve the rights of both parties, it cannot be said that the statute has been violated. Such, we understand, is the reasoning of the court in *Allen* v. *Reed,* 147 Tenn., 618, and *Gracey* v. *So. Auto Sales Co.,* 6 App. Cas., 360.

To declare the two alleged defects in the sales notice a noncompliance with the provisions of the Act would give to the Act a meaning not intended. The description sufficiently described the car, and it was sold for cash as required by the statute. No injury could possibly result to the conditional vendee's rights by the omission to state in the advertisement that the sale would be for cash. The sale was for cash as the statute required.

Twenty persons were present at the sale. G. R. Patterson was the highest bidder and purchased the car for $400. Afterwards he transferred it to plaintiff's wife, who, according to stipulation, became the owner and, as stated, the excess, after satisfying the balance of plaintiff's debt, was paid to defendant in error, who executed his receipt for it.

Upon these facts the sale was not void. We are therefore constrained to reverse the judgment of the trial judge and dismiss the suit at the costs of defendant in error.