JOHNSON CITY BUICK COMPANY, PLAINTIFF IN ERROR, *v.*
EDGAR JOHNSON, DEFENDANT IN ERROR.

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

Cox, TAYLOR & EPPS, for plaintiff in error.

SELLS, SIMMONDS & BOWMAN, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the conditional vendee of an automobile against the conditional vendor thereof, who had repossessed the machine. It was averred that the vendor had not advertised the sale of the machine, after it had regained possession, as required by law and the plaintiff below sought to recover the amount paid by him on the purchase price. The case was tried before a jury and there was a verdict and judgment for plaintiff for $200. This judgment was affirmed by the Court of Appeals and a petition for *certiorari* has been granted.

Jonesboro is the county seat of Washington County and the county courthouse and other county buildings are located there. In pursuance of legislative acts, a law court and a chancery court are held at Johnson City in Washington County, with jurisdiction over certain districts of said county. Except that it is not authorized to hear criminal cases, the law court seems to have all the jurisdiction of a circuit court and the chancery court at Johnson City the usual powers of a chancery court.

These courts are held in a building owned and maintained by the city of Johnson City.

After regaining possession of the automobile here involved, the vendor advertised it for sale by posters, one on the door of the building in which court is held at Johnson City, one at another place in that district and the third at another public place.

The statute requires this advertisement to "be written or printed posters posted at as many as three public places in the county where the property is to be sold, one of said places to be in the district in which said property is to be sold and one at the courthouse door in the county in which the property is to be sold, and the other or third at any public place in the county. Section 3666, Thompson's-Shannon's Code.

The trial judge instructed the jury that posting a notice at the door of the building at which courts were held in Johnson City was not a posting of notice at the courthouse door in the county in which the property was to be sold. The jury thereupon necessarily found for the plaintiff below. Error is assigned upon this instruction of His Honor.

It seems to us that the view of the statute taken by the court below is too narrow. In recent cases, we have pointed out that a substantial compliance by the vendor with the statutory requisites to a valid sale, after possession regained, is enough, if the buyer's rights are not prejudiced. *Range Motor Co.* v. *Tipton,* 161 Tenn., 427.

Our statutes regulating conditional sales, Thompson's-Shannon's Code, section 3666 et seq., do not prescribe any particular place where the seller shall conduct the sale authorized. Apparently he may determine

the place of sale within reasonable limitations. The advertising is to be at particular places within the county in which the sale is had.

A courthouse is a building where courts are held. 15 C. J., 685. If courts are held at but one place in a county, the courthouse of that county is the building in which such courts are held. If courts are held at two places in a county, in a broad sense, both buildings in which courts are held are courthouses of that county.

When the regular courthouse was occupied by troops and court was being held in a church, a sale at the door of the latter building was declared a sale at the courthouse door. *Kane* v. *McCowan,* 55 Mo., 185, 189. So as to a sale at the door of a building being used while the regular courthouse was undergoing repairs. *Hambright* v. *Brockman,* 59 Mo. 52, 56. See cases collected in Note, 33 L. R. A., 85.

The courthouse door is designated by the statute as a place of advertisement because it is thought more people will see the poster, it will have more publicity, at that place. There are a number of special courts like those at Johnson City, ordained by the legislature to be held at towns other than the county seats of counties in this State. In every instance these special courts are held in towns more populous than the county seats. An advertisement posted on the door of the court buildings in such towns would naturally therefore obtain greater publicity than any advertisement posted on the door of the court buildings in the county seats.

A strong technical argument has been made to sustain the view of the statute taken by the trial judge, but we believe the view herein expressed is more practicable, meets all the ends of justice, and works no prejudice to the conditional vendee.

We conclude therefore that the instruction complained of was erroneous. A failure to advertise at the court-house door was the only basis for the plaintiff's suit and defendant's motion for a directed verdict should have been sustained.

Reversed and dismissed.