TED SIMS AND WIFE, PLAINTIFF IN ERROR, *v.* E. F. CRAB-
TREE, DEFENDANT IN ERROR.

(*Knoxville,* September Term, 1933.)

Opinion filed October 21, 1933.

H. M. VAUGHN, for plaintiff in error.

TILLETT & WETHERFORD, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

■ This suit was brought by Sims and wife to recover payments made in purchase, under a conditional sales contract, of certain articles of household furniture, which had been sold by Crabtree to Sims and wife. The purchasers moved their residence and notified Crabtree to get the goods. The claim was rested mainly on the failure of Crabtree to advertise the sale according to law. The trial court dismissed the suit. The Court of Appeals reverses and enters judgment on the theory that the notice of sale posted at the courthouse is not proven to have been posted at the courthouse door.

The only evidence on this point was the testimony of witness George Gill, called by Crabtree, who testified that "he posted the third notice at the courthouse in Chattanooga, upon the bulletin board, where similar notices are published, and that that was a public place where many people pass and congregate."

It was held by the Court of Appeals that the statutory provision that one notice shall be posted "at the courthouse door," was not shown by this testimony to have been complied with. We are of opinion that this evidence shows a substantial compliance, meeting the spirit of the law, the purpose of which is to insure the greatest publicity of the place and time of sale. A presumption fairly arises that the courthouse bulletin board, where similar notices are posted, is located at or near one of the courthouse doors, that a place habitually used for posting such notices is within the location requirements of the statute. In more than one recent unreported opinion this court had emphasized that this phrase "at the courthouse door" is to be given a practical and reasonable, rather than a literal and technical, construction, with a view to effectuating the object of

the statute. And see *Buick Co.* v. *Johnson,* 156 Tenn., 349, and *Range Motor Co.* v. *Tipton,* 161 Tenn., 427, holding substantial compliance only to be required by this statute.

Moreover, it does not appear that any question was specifically made on the trial, or by motion for a new trial, as to the insufficiency of the proof as to posting of the notice at the courthouse door. It is inferable that more definite evidence could easily have been produced if attention had been called to this alleged defect.

Several other points were raised by diligent counsel, among them, insufficiency of description of the goods, the use of printed forms filled out in writing, the hour of sale fixed in the notice, and because it appears that not all of the articles which had been sold to plaintiff were reclaimed and included in the advertisement. All of these complaints were overruled by the Court of Appeals for reasons which appear to us to be sound, except the last mentioned. As to this the opinion of the court expresses the view that it was not ''sufficient'' to reclaim and sell a part only of the property.

In this we are unable to concur. We fail to see how any injustice could result from the failure of a conditional vendor of separate and unrelated articles of household goods to retake upon default all of the articles. On the contrary, it would apparently be a beneficial concession to the defaulting purchaser to leave with him one or more of the articles. Moreover, portions of personal property sold can frequently not be located, or are frequently worn out or rendered worthless by time and usage.

The judgment of the Court of Appeals must be reversed and the suit dismissed.