ELMORE *v.* RITTER IMPLEMENT CO.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

PARK & PARK, of Jefferson City, for appellant.

THOS. H. GOODMAN, of Knoxville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed against the conditional vendor to recover under section 7291 of the Code for the part consideration paid on a tractor by the conditional vendee.

The defendant's demurrer was sustained and the bill dismissed. Complainant appealed and insists (1) that the chancellor erroneously held that upon default the tractor could be sold elsewhere than in Jefferson county, the place of sale, and repossession by the vendor, and (2) that he erred because the facts and circumstances attending repossession of the tractor constituted a rescission of the contract and a conversion for which defendant became liable for the payments made.

It is shown by the bill that complainant is a resident of Jefferson county and the defendant company is located at 801 Western avenue, Knoxville, in Knox county. On June 9, 1931, complainant agreed to purchase the tractor from defendant at the price of $885 under a conditional sales contract, made and executed in Jefferson county, where the tractor was delivered. Further, that complainant "paid $305 on the contract price, kept the tractor in possession until the summer of 1932, when the defendant took possession over complainant's protest, and moved it to Knoxville where he understands it was advertised and sold under the retained title notes he had executed

for it, and the defendant undertook to comply with the conditional sales statute, but how it was advertised in Knox County he does not know, but the proof will show, and undertaking to comply with the statute, the tractor was sold by the defendant but where and how he calls upon the defendant to show and prove.''

In the second paragraph of the bill, complainant averred that defendant ''took possession of the tractor under the retained title, and undertook to comply with the sales statute aforesaid. Said sale of the said tractor in Knox County was a violation of . . . section 7288 of the Code, providing where the property should be sold, and under section 7291 he is entitled to recover from the defendant the money paid. . . . He avers that the tractor was bought by and delivered to him in the Seventh Civil District of Jefferson County and was found and taken away from him in that district and a legal sale under the conditional sales statute could only have been made in that district; that the defendant did not in that district advertise and sell the property as provided by law and is liable.''

The statements and averments of the bill might be strained to authorize the inference that defendant took possession of the tractor under circumstances calculated to provoke a breach of the peace and was guilty of a conversion but for the subsequent statement that it took possession under the title notes. If the bill should be construed to convey the charge that the defendant repudiated the contract and converted the tractor, defendant could not recover the part consideration paid under section 7291 of the Code as for conversion, but the value of his interest in the tractor. *Rice* v. *Lusky Furn. Co.*, 167 Tenn., 202, 68 S. W. (2d), 107.

General averments of the bill followed, as in this case, by the recital of inconsistent facts cannot avoid the demurrer, for the bill presents a claim under section 7291 based upon the specific charge that the sale was illegal because not made in Jefferson county, as held in *Massillon Engine & Thresher Co.* v. *Wilkes* (Tenn. Sup.), 82 S. W., 316. After that decision, the Legislature (Pub. Acts 1911, chapter 8) amended the conditional sales law, chapter 81, Acts of 1889, by striking out the requirement' that sale notices be posted (1) at the courthouse door of the seller's residence, and (2) at two public places in the civil district where the purchaser resided, and inserted a provision that the advertisements be posted at as many as three public places in the county where the property is to be sold, one to be in the civil district where the property is to be sold, one at the courthouse door in the county, and the third at any public place in the county.

The act of 1889, by inference rather than direction, required that the sale be made in the civil district where the conditional purchaser lived. Evidently there was some confusion over that provision of the statute, and to avoid it the law was amended by chapter 8, Acts of 1911. The place of sale was not designated in the amendatory act. Following that enactment, section 7288 was added, as follows:

"Sale, where made.—Sale shall be made in the civil district where the property shall be situated after its repossession, or at the time of sale, but where it has been removed by the purchaser from the county where the original sale was made, it may be sold where found, at the option of the seller or his assignee."

Without reference to the foregoing section, it was held in *Stumb Motor Co.* v. *Patterson*, 9 Tenn. App., 29, that

under the amendatory act of 1911 the property need not be sold in the county where the contract was made or where the property was repossessed. In *Johnson City Buick Co.* v. *Johnson*, 165 Tenn., 349, 350, 54 S. W. (2d), 946, the court had under consideration these sections of the Code and said that they "do not prescribe any particular place where the seller shall conduct the sale authorized. Apparently he may determine the place of sale within reasonable limitations. The advertising is to be at particular places within the county in which the sale is had."

Construed together, sections 7287 and 7288 provide for sale upon repossession (1) in the civil district where the property shall be situated after its repossession; (2) where it shall be situated at the time of sale, subject to the limitation suggested in *Johnson City Buick Co.* v. *Johnson* that the place of sale cannot be arbitrarily fixed to the injury of the conditional vendee; and (3) if the property is removed by the purchaser from the county where the original sale was made, it may be sold where found, at the option of the seller.

We find no error in the decree of the chancellor. Affirmed.