QUICK v. WOODWARD MOTOR CO.—130 S. W. (2d), 147.

Middle Section.   December 10, 1938.

Petition for Certiorari denied by Supreme Court, June 10, 1939.

Brandon & Brandon, of Lewisburg, and R. B. Jackson, of Shelbyville, for plaintiff in error.

Gates & Gates, of Lewisburg, for defendants in error.

FELTS, J. This is a suit by a conditional vendee of an automobile, which had been repossessed and sold by the vendor, to recover the amount he had paid on the car, because the repossession was unlawful and the sale not in compliance with the statutes. The justice dismissed the suit; and the circuit judge, trying it without a jury, likewise dismissed it. Plaintiff appealed in error.

Plaintiff, a resident of Bedford County, purchased the car under a conditional sale from the Woodward Motor Company at their place of business in Marshall County. He was allowed $50 on his old car and for the balance of the purchase price he made monthly notes of $25 each, the first due November 23, 1936, and one due the 23rd of each month thereafter. He paid the first four notes, the fourth maturing February 23, 1937. On March 4, the car was badly damaged in an accident. While it was in a garage in Shelbyville, Bedford County, before it had been repaired, defendants on March 16 took it to their garage in Lewisburg, kept it there until March 23, when the fifth note matured, advertised it March 26 for sale and sold it April 5. Defendants bid it in for $50, and later resold it for junk for $35.

Lee Woodward, one of the partners in the defendant company, testified that he went twice to see Quick about wrecking the car; and that Quick said he was unable to have the car fixed or to pay the balance owing on it, and did not want it, and the company would have to take it back. Woodward also said: "I took the car for the purpose of preserving it and our interest in it, and because he said he could not pay for it and wanted us to take it." Odie Poteet, a salesman of defendant, who went with Woodward to see Quick, testified that Quick said that "he was unable to fix it up or finish paying for

it and that Mr. Woodward could take the car back''; that Quick said he ''had no money and could not pay the notes,'' and said ''it would save him money if they would take the car back''; and that Quick ''insisted that it be taken back''. Quick admitted that he had two conversations with Woodward about the car, but denied that he told Woodward that he could not fix the car or finish paying for it, or that Woodward could take it back. He said: ''I did not know that they had it until the garage told me so in Shelbyville.''

In advertising the car defendant posted three notices of sale in Marshall County, one at defendant's garage, one at the courthouse, and one on a telephone post in Lewisburg. The sale was made at defendant's garage. No notice of the sale was posted in Bedford County, and plaintiff was not notified of the sale.

Plaintiff does not insist that the evidence preponderates in favor of his version of the facts. His insistence is that, upon defendants' statement of the circumstances under which they repossessed the car, they were guilty of a conversion, under the decisions of Murray v. Federal Motor Truck Sales Corp., 160 Tenn., 140, 22 S. W. (2d), 227, 23 S. W. (2d), 913, and Mitchell v. Automobile Sales Co., 161 Tenn., 1, 28 S. W. (2d), 51, 53, 83 A. L. R., 955. In each of these cases the conditional vendor, who had repossessed and sold the vehicle, was held guilty of conversion because such repossession had been without process of law and without the vendee's consent.

In the Murray case the vendee had entrusted the vendor with possession of the truck for the purpose of repairing it. This was held no consent by the vendee to a repossession by the vendor for the purpose of a sale under the statutes. In the Mitchell case the vendor had acquired possession of the car from a third party, without the vendee's knowledge or consent. The vendor sought to justify its repossession by a provision of the conditional sale contract giving it the right, upon the vendee's default, to take possession, without notice and without legal process; but the Court held such provision ineffective. In this case the Court said:

''The consent of the purchaser which has been held to be essential to the right of the seller to repossession and sale, in the absence of legal process, is not merely consent to repossession, but a consent, based upon default, which would carry with it, expressly or by necessary implication, the right to advertise and resell under the terms of the statute. Such a consent could only be given after default, or in repudiation of the agreement to pay the balance due, and not in the written contract evidencing the obligation to pay.''

Although plaintiff was not in default in his payments on the car, it had been wrecked and badly damaged; and, according to defendants' witnesses, plaintiff told defendants that he could not fix the car or finish paying for it and defendants would have to take it back. Upon these facts, we think that plaintiff must be held to have given his consent to the repossession of the car by defendants for the

purpose of advertisement and resale under the terms of the statutes; that such consent, though not given after default, was given in repudiation of the agreement to pay the balance owing on the car; and that defendants by the course they took were not guilty of conversion. Compare Russell v. Clinton Motor Co., 147 Tenn., 57, 245 S. W. 529; Bird Motor Co. v. Alley, 1 Tenn. App., 202; Brooks v. Range Motor Co., 16 Tenn. App., 209, 64 S. W. (2d), 42.

However, it is perhaps proper to observe that if defendants had been guilty of conversion of the car, this would not entitle plaintiff to recover what he had paid on it. The measure of his recovery would be the value of his interest in the car, i. e., the value of the car less the amount he owed thereon to the vendor. Rice v. Lusky Furniture Co., 167 Tenn., 202, 68 S. W. (2d), 107. It is only when the vendor fails to advertise and resell the property, as provided by Code, section 7287, that the vendee becomes entitled to recover what he has paid on the property. Dillard v. Ball Bros., Inc., 169 Tenn., 363, 87 S. W. (2d), 1015.

The only complaint plaintiff makes in respect of the advertisement and sale is that he was not notified and no notice was posted in Bedford County, the county of his residence. Massillon Engine & Thresher Co. v. Wilkes (Tenn.), 82 S. W., 316. Since that decision the conditional sales law (1932 Code, secs. 7287, 7288) has been so amended as to require the notices to be posted in the county where the sale is to be made, and to allow the seller to determine the place of sale, "within reasonable limitations." Stumb Motor Co. v. Patterson, 9 Tenn. App., 29; Johnson City Buick Co. v. Johnson, 165 Tenn., 349, 54 S. W. (2d) 946; Elmore v. Ritter Implement Co., 169 Tenn., 343, 87 S. W. (2d) 1008, 1009. In the Ritter case the Court said:

"Construed together, sections 7287 and 7288 provide for sale upon repossession (1) in the civil district where the property shall be situated after its repossession; (2) where it shall be situated at the time of sale, subject to the limitation suggested in Johnson City Buick Co. v. Johnson that the place of sale cannot be arbitrarily fixed to the injury of the conditional vendee; and (3) if the property is removed by the purchaser from the county where the original sale was made, it may be sold where found, at the option of the seller."

In the present case the seller had the option to sell the car either in the county of plaintiff's residence or in the county where the seller had his place of business and where the original sale was made, and the notices were required to be posted in the county where the sale was to be had. This was the only notice that was required to be given the plaintiff. The car was repossessed on March 16, advertised on March 26 and sold on April 5. This would seem to be a substantial compliance with the statutes. Allen v. Reed, 147 Tenn., 612,

250 S. W. 546; Range Motor Co. v. Tipton, 161 Tenn., 427, 431, 33 S. W. (2d) 75.

It results that all of plaintiff's asssignments of error are overruled and the judgment of the circuit court is affirmed. Plaintiff will pay the costs of the cause, including the costs of the appeal.

Faw, P. J., and Crownover, J., concur.