S. B. Morrow et al.

*v.*

J. W. Drumwright et al.

(*Jackson,* April Term, 1956.)

Opinion filed May 3, 1957.

Rehearing Denied June 7, 1957.

Second Petition for Rehearing Denied July 29, 1957.

308

ROBERT P. ADAMS and L. L. HARRELL, Trenton, ROBERT
S. THOMAS, Ripley, for petitioners.

JOHN W. NORRIS, Brownsville, for respondents.

MR. JUSTICE SWEPSTON delivered the opinion of the
Court.

We granted *certiorari* in this case, the same has been
argued and we now dispose of the contentions of the
parties.

In April 1954, Verneda Morrow, a Negro woman, was
killed instantly as a result of being struck by a truck
being driven by Billy Joe Drumwright, a minor son of
J. W. Drumwright, the owner of the truck while the
decedent was walking along the shoulder of the highway
or the edge of the highway at night-time. She was sur-
vived by her husband, S. B. Morrow, and by four children
whose names need not be stated. She was 32 years of age
and in good health.

The accident happened about 11:30 on Saturday night,
April 3rd, and on the following Monday, when her hus-

band went to the town of Ripley to attend the hearing in the Magistrate's Court wherein Billy Joe Drumwright was charged with reckless driving, the said S. B. Morrow was approached by Tom Emerson, the adjuster for the insurance company which carried the insurance on the Drumwright truck, and as a result of said contract the said Morrow was taken to the office of an attorney representing said insurance company, was appointed administrator of his wife's estate, and as such administrator, signed a settlement and release for which he received the sum of $1,000 in full settlement of all claims against the said Drumwrights.

On the 28th day of April, 1954, the present action was commenced by the issuance of summons and the filing of the declaration and the same was served upon the defendants Drumwright on the following day. The parties were S. B. Morrow as administrator of the estate of his deceased wife; S. B. Morrow in his individual capacity as husband of said decedent; and the four children by name, suing through their father, S. B. Morrow as the next friend. The defendants were the said Drumwrights, father and son.

After various preliminary pleadings the issues were finally formed, the case was tried to a jury which rendered a verdict in the amount of $7,000. The motion of defendants for a new trial was overruled, the verdict of the jury was approved by the Trial Judge and appeal was perfected to the Court of Appeals which reversed and remanded the cause on two grounds. (1) That the Trial Judge abused his discretion in denying the defendants' motion for a continuance on the day the case was

tried, and (2) That the verdict of the jury was confusing and misleading.

The plaintiffs have filed their petition for *certiorari* and in substance assigned as error the two last stated grounds.

There is a motion by the respondents to dismiss the petition for *certiorari* on the ground that same does not comply with the rules of Court. Said motion is overruled as we find no merit in same.

The defendants as respondents to said petition for *certiorari* have also assigned errors which were assigned to the Court of Appeals and overruled. There is a motion by the plaintiffs as petitioners for *certiorari* to dismiss same because not filed within time and not sworn to. There is no merit in this motion, because Rule 13 of the Supreme Court provides that the respondent in such situation may do either one, that is, file a separate petition for *certiorari* or assign error. Said motion is, therefore, overruled.

With reference to the motion for a continuance it is well settled that the matter of granting or refusing a continuance is largely one of discretion on the part of the Trial Judge and his action will not be interfered with unless there is a clear showing of abuse on his part. *Ross v. State,* 130 Tenn. 387, 390, 170 S.W. 1026; *Bass v. State,* 191 Tenn. 259, 268, 231 S.W.2d 707; *Northcross v. Taylor,* Tenn.App., 197 S.W.2d 9.

The record in this case does not show that the attorneys for the defendants were negligent, but it shows that the two defendants themselves were lacking in diligence. The application for the continuance was grounded

on the statement that the testimony of Billy Newman was not available because he was in the military service in Germany and that counsel did not learn of this in time to take his deposition or arrange for him to obtain a leave for the purpose of testifying in person. Billy Newman was riding in the truck with Billy Joe Drumwright at the time of the accident. On October 4, 1954, the case was set for trial on February 8, 1955. Billy Joe Drumwright was inducted into the Army in May 1954. Billy Newman was inducted in June 1954. The two were in the same military camp and Billy Joe Drumwright knew that Billy Newman had been sent to Germany and negligently failed to inform his attorneys, although it was necessary for Billy Joe to obtain a leave of absence in order to be present at the trial himself. His father, J. W. Drumwright, was informed, according to the affidavit, the latter part of November or the early part of December 1954, that Billy Newman had been sent to Germany but he failed to inform his attorneys of this fact although Mr. Drumwright lived in Lauderdale County where one of his attorneys lives and there was nothing to prevent Mr. Drumwright from communicating with his other two attorneys who lived elsewhere by telephone or letter. After all, the insurance company represented by these attorneys is not a party to this suit and this question must be determined on the basis of the diligence or lack of same of the defendants Drumwright.

There is another reason why the Trial Judge's action should not be interfered with. According to Billy Joe Drumwright's own testimony the jury would be warranted in finding him guilty of negligence as a proximate cause of the accident so that the testimony of Billy New-

man would in all probability be the same and, therefore, be cumulative.

We must, therefore, sustain this assignment and reverse the ruling of the Court of Appeals and affirm that of the Trial Judge.

 The second assignment of the petitioner relates to the action of the Court of Appeals in holding that the verdict of the jury was indefinite and not certain in that it failed to state in whose favor the judgment was rendered and that the same was not consistent with the instructions of the Court and was confusing, etc.

The Trial Judge charged the jury that under the third count of the declaration if they should find for the plaintiffs they should fix the damages for plaintiff, S. B. Morrow, for funeral expenses, loss of services and the society of his wife, and return the amount of these items separately from the verdict in favor of the other plaintiffs. Reserving any question as to the correctness of this charge which is not in issue, the jury reported as follows:

"We the jury find that the release is declared void and we have agreed to pay the plaintiff S. B. Morrow $7,000."

The Court inquired: "Gentlemen is that your verdict?"

The jurors replied: "Yes."

The Court said: "Let me ask you this. There were two defendants in this case. Do you find that against one or both?"

The foreman answered: "That covers the whole thing, both of them."

The Court: "Is that correct? You find against both defendants?"

The jurors: "Yes."

The Court then stated: "If I understand you, you find in favor of the plaintiffs in the case and fix the damages at $7,000 against both defendants?"

The jurors: "Yes, sir."

It seems obvious that the jury was finding in favor of all the plaintiffs, that is, it was setting aside the release which had been obtained from S. B. Morrow acting as administrator and it awarded $7,000 to S. B. Morrow individually as the husband of deceased and to the children, which was exactly in accordance with the statute because the husband and the children share the recovery equally, the husband taking a child's part. It is also evident that the jury was not making a finding of $7,000 for the benefit of S. B. Morrow alone. Their failure to make any separate finding in behalf of S. B. Morrow, even if that were a proper requisite, would not vitiate the verdict, because it is a good general verdict in behalf of all those entitled to share in the recovery. The controlling principles are stated by Chief Justice Neil in *Briscoe v. Allison,* Tenn. 290 S.W.2d 864;

*Tennessee Central Ry. Co. v. Scarbrough,* 9 Tenn.App. 295.

Counsel for defendants objected to this verdict at the time it was rendered and when the motion for a new trial was heard the attorney for S. B. Morrow expressly

waived his claim to any part of the verdict except the ⅕th part allowed by the statute. This was then incorporated into the judgment in the following language:

"The plaintiff, S. B. Morrow, through his attorneys, now state in open Court, that he will not claim any part of the judgment herein to the exclusion of his minor children, except his one-fifth (⅕) part or interest therein, to which he is entitled by statute, upon all the recovery herein being allowed under the first and second counts of the plaintiff's declaration in the case. Defendants duly excepted to this also."

It is, therefore, insisted by the defendants that this was an improper amendment of the verdict of the jury which vitiated it. There is no merit in this insistence, because, as stated above, it was a good verdict as rendered by the jury and the action of the Court did not in any way change that verdict.

We, therefore, sustain this assignment of the petitioners and reverse the action of the Court of Appeals.

Coming now to the four errors assigned by the respondents to the petition for *certiorari* the first one complains of the action of the Court of Appeals in failing to hold that there was a misjoinder of parties that was fatal to the proceedings because of the fact that S. B. Morrow as administrator joined with S. B. Morrow individually and with the children.

■■ We are of opinion that under T.C.A. sec 20-611, the only person authorized to effect a settlement and give a valid release is the surviving husband. *Cummins v. Woody,* 177 Tenn. 636, 152 S.W.2d 246. Therefore, the release which was obtained by the insurance company

adjuster from S. B. Morrow as administrator was void irrespective of any question of fraud. But it may be presumed fairly that counsel were uncertain as to whether the administrator had a right to execute a release, in view of the decisions under the statute as it formerly provided, so that they felt it necessary to attack the release for fraud. The case was tried on that theory and the jury found that it was fraudulent.

Also, the right of action is given first to the husband. Therefore, S. B. Morrow as administrator was neither a proper nor a necessary party and so technically there was a misjoinder in this respect. However, it was harmless error for the reason that the same issue would have been made and would have arisen whenever in the course of the trial it reached the stage where the defendants offered the release as an accord and satisfaction.

█ The children were not necessary parties but they were proper parties for the reason that they share equally with the husband in any recovery and they should be named in the body of the declaration for the purpose of having their identity and relationship to the deceased established as a matter of judicial record for the purpose of distribution of the recovery among those entitled to same. The fact that they were named as parties plaintiff in the caption instead of being named in the body is harmless error.

The Court will not reverse for harmless error and, therefore, the assignment is overruled.

The second assignment relates to the same question and is, therefore, overruled.

█ The third assignment complains that the Court

permitted the plaintiffs to show a part of a conversation that the highway patrolmen had with Billy Joe Drumwright but refused on cross-examination to let the defendant show the rest of the conversation.

This assignment is overruled because it does not state the full substance of the evidence that was rejected, as required by Rule 14, sub-section (3) of this Court.

The fourth and last assignment is that the Court of Appeals erred in holding that there was some evidence to sustain a verdict against the father, J. W. Drumwright who was the owner of the truck, he being held liable under the family-purpose doctrine. We find no error in this action of the Court of Appeals and the assignment is overruled.

The result of the foregoing is that the decree of the Court of Appeals is reversed, the judgment of the Trial Court is re-instated and a judgment will be entered in this Court as in the Court below with proper interest.