Clarence LAMAR, Jr., Administrator of the Estate of Minnie Lee Lamar, Deceased, Plaintiff,

v.

Manuel W. STOWERS and Umberger Transport, Incorporated, Defendants.

Civ. A. No. 2434.

United States District Court, E. D. Tennessee, Northeastern Division.

July 22, 1971.

Lynn M. Lauderback, and Lon Boyd, Kingsport, Tenn., for plaintiff.

E. Lynn Minter, Kingsport, Tenn., S. J. Milligan, Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action for wrongful death. 28 U.S.C. § 1332(a) (1), (c). It is stipulated that at all pertinent times the plaintiff Mr. Lamar, Jr.* was the duly qualified and acting administrator of the estate of his decedent Minnie Lamar. The defendants have interposed a motion to dismiss the action, on the ground that the plaintiff lacks the legal capacity to maintain it. Rule 12(b) (6), Federal Rules of Civil Procedure.

The defendants rely on Morrow v. Drumwright (1957), 202 Tenn. 307, 304 S.W.2d 313, rehearing denied (1957), second petition for rehearing denied (1957), for the proposition that the plaintiff is not a proper party. That authority is inapposite here.

In *Morrow*, the plaintiff's wife was wrongfully killed. Three days afterward her husband qualified as the administrator of her estate and gave the defendants a release. Twenty-eight days afterward, an action was commenced by Mr. Morrow, as such administrator, and also in his individual capacity as husband of the decedent, and by the children of such decedent and husband, by him as their next friend. The jury found the release was obtained fraudulently and awarded damages to the plaintiff, as husband of the decedent, and to the children.

The defendants claimed that there was a misjoinder of parties which was fatal to the proceedings, because Mr. Morrow, as administrator, joined with himself individually and his children in bringing the action. The Tennessee Supreme Court, opinion by the late Mr. Justice Swepston, concluded that, under T.C.A. § 20–611, "* * * the only person authorized to effect a settlement and give a valid release [was] the surviving husband * * *", and that the release obtained from the administrator was "* *

void irrespective of any question of fraud. * * *" 304 S.W.2d at 316[5]. The language which lends comfort to the defendants follows subsequently:

Also, *the right of action is given first to the husband. Therefore*, S. B. *Morrow as administrator was neither a proper* nor a necessary party *and so technically there was a misjoinder in this respect.* [Emphasis supplied.]

*Ibid.*, 304 S.W.2d at 316[6].

■■ This Court does not read that language as establishing as the law of Tennessee that a personal representative may not bring an action on behalf of the estate of his decedent. "* * * *A suit for the wrongful killing of the wife may be brought* in the name of the husband for the benefit of himself and the children of the wife, or *in the name of administrator of the deceased wife*, or in the name of the next of kin of such wife. * * *" T.C.A. § 20–611 (emphasis supplied). The use of the disjunctive "or", and the separation of the clauses by commas, clearly indicate the intention of the General Assembly of Tennessee to give alternative choices as to who may bring the action for the wrongful death of a wife. See J. I. Case Threshing Mach. Co. v. Watson (1909), 122 Tenn. 148, 122 S.W. 86, rehearing denied (1909), 122 Tenn. 148, 122 S.W. 974. Further: "Misjoinder of parties is not ground for dismissal of an action * * *", Rule 21, Federal Rules of Civil Procedure, and "* * * [a]n * * * administrator * * * may sue in his own name without joining with him the party for whose benefit the action is brought * * *", Rule 17(a), Federal Rules of Civil Procedure.

It is the opinion of this Court that the plaintiff is fully authorized to maintain this action, and the defendants' motion of June 14, 1971 hereby is

Denied.

---

* It is undisputed that the plaintiff is the son of his decedent herein.