**Valerie SPICER, Administratrix of the Estate of Amy Beth Fuller Hilliard and Britney Fuller, a Minor b/n/f Valerie Spicer, Plaintiffs/Appellants,**

v.

**Bobby HILLIARD, Tennessee Farmers Mutual Insurance Company and Bobby Patterson, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 25, 1994.

Permission to Appeal Denied by
Supreme Court June 13, 1994.

Charles L. Hicks, Camden, for plaintiffs/appellees.

Jerry V. Smith, Dickson, for defendants/appellants.

*OPINION*

LEWIS, Judge.

Plaintiffs appealed from the trial court's granting of defendants', Tennessee Farmers Mutual Insurance Co. (Tennessee Farmers) and Bobby Patterson's, motion for summary judgment and the denial of plaintiffs' motion for summary judgment against defendants.

Plaintiff Valerie Spicer brought suit, as Administratrix of the estate of Amy Beth Fuller Hilliard and as guardian, mother and next of friend of Britney Spicer, against Bobby Hilliard, Tennessee Farmers, and Bobby

Patterson. Plaintiff sued the defendants to recover, for the benefit of the minor child, proceeds from the settlement of an uninsured motorist contract that the deceased, Amy Beth Fuller Hilliard, and defendant Hilliard had with Tennessee Farmers. At the time of her death, deceased was married to defendant Bobby Hilliard and had one child, plaintiff Britney Fuller.

Amy Beth Fuller Hilliard was killed as a result of an automobile accident. Michael D. Cannon, who was intoxicated, drove his automobile into the lane of travel in which Amy Beth Fuller Hilliard was traveling and collided head on with the automobile driven by Amy Beth Fuller Hilliard.

Michael D. Cannon was uninsured. Amy Beth Hilliard had uninsured motorist coverage with Tennessee Farmers which provided for a maximum payment of $25,000.00 for the death or injury of any one person. Plaintiffs allege that Tennessee Farmers wrongfully, and in violation of Tennessee Code Annotated § 34–3–113(b)(1), settled under its uninsured motorist coverage with defendant Bobby Hilliard by the payment of the $25,000.00 maximum payment under the uninsured motorist coverage to Bobby Hilliard, without disclosing the settlement to the minor child or to any family member of Amy Beth Hilliard. Upon the payment of the sum of $25,000.00 to defendant Bobby Hilliard, he executed a release on behalf of the estate of Amy Fuller Hilliard, deceased.

The issue in this case is whether the trial court erred in granting the defendants summary judgment.

Tennessee Code Annotated § 20–5–106(a) provides:

> The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; or to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent, the funds recovered in either case to be free from the claims of creditors.

Tenn.Code Ann. § 20–5–106(a) (Supp.1993).

Tennessee Code Annotated § 20–5–110(b) (Supp.1993) provides: "The surviving spouse may effect a bona fide compromise in such a suit or **right of action** and may execute a valid release which shall be binding upon all the children of the deceased or next of kin of the deceased." (Emphasis added).

Pursuant to that statute our Supreme Court in *Morrow v. Drumwright*, 202 Tenn. 307, 304 S.W.2d 313, 316 (1957) stated: "We are of the opinion that under T.C.A. § 20–611 [now codified at T.C.A. § 20–5–106] the only person authorized to effect a settlement and give a valid release is the surviving husband." (Citation omitted).

Tennessee Farmers properly paid the limits of its liability to the husband of the deceased. We find nothing in the statute or case law that puts the burden upon the uninsured motorist carrier to notify any other potential beneficiary that a settlement with the spouse has been effected.

We have also considered the arguments of the plaintiffs regarding fraud. Each of those arguments go to fraud that allegedly occurred after the settlement, *i.e.*, the failure of the insurance adjuster Bobby Patterson to inform plaintiffs that they had effected a settlement with the deceased's husband.

We find nothing in the record that arises to the level of fraud.

It therefore results that the judgment of the trial court is affirmed and the cause

remanded to the trial court for further necessary proceedings.

CANTRELL and KOCH, JJ., concur.