# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 21, 2013 Session

## WILLIAM D. STALKER AND STEPHEN L. YOUNG v. DAVID R. NUTTER AND TAMARA D. NUTTER

**Appeal from the Chancery Court for Sumner County**
**No. 2008C1     Tom E. Gray, Chancellor**

---

**No. M2012-00170-COA-R3-CV - Filed April 19, 2013**

---

This appeal arises out of a breach of contract action. Following the presentation of the plaintiffs' proof, the court granted defendants' motion to dismiss. We vacate the decision of the trial court and remand the case for findings of fact required by Tenn. R. Civ. P. 41.02(2) and 52.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Stephen E. Grauberger and Derrick H. Green, Mt. Juliet, Tennessee, for the Appellants, William D. Stalker and Stephen L. Young.

John D. Kitch, Nashville, Tennessee; and John Ray Phillips, Jr., Gallatin, Tennessee, for the Appellees, David R. Nutter and Tamara D. Nutter.

### MEMORANDUM OPINION[1]

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. Facts and Procedural History

William Stalker and Stephen Young ("Plaintiffs") and David and Tamara Nutter ("Defendants") entered into a Purchase and Sale Agreement in April 2007 whereby Defendants agreed to purchase a home which was under construction by Plaintiffs upon its completion; the purchase price was $1,800,000. The contract provided that closing was to occur by September 30, 2007, and that time was of the essence; the closing date could be extended for a maximum of thirty days due to delays caused by Defendants or by agreement of the parties. Defendants paid a $10,000 earnest money deposit. The parties did not close on the sale by the closing date.

On January 3, 2008, Plaintiffs filed suit alleging that Defendants breached the contract by failing to remit payment for change orders which Defendants requested; by failing to provide proof of financing; and by failing to close on the property in a timely manner. Plaintiffs sought specific performance of the contract, damages, and attorney's fees.[2] Defendants duly filed their answer.[3]

Defendants filed a counter-complaint on May 26, 2011, alleging breach of contract and anticipatory breach of contract and seeking damages for out-of-pocket expenditures they made on the home, a refund of the earnest money deposit, attorneys' fees, and discretionary costs.

Trial was set for September 28 and November 16, 2011; Plaintiffs presented and concluded their proof on September 28. On November 1, Defendants filed a motion to dismiss which was heard on November 7. The court entered an order on November 16 granting Defendants' motion, holding that Plaintiffs "did not establish a valid cause of action for breach of contract against the original Defendants."

Defendants subsequently filed a motion for discretionary costs. On December 22 the court issued a Final Order and Judgment ordering a refund of Defendants' $10,000 deposit

---

[2] Defendants filed a motion for temporary injunction on January 15 seeking to enjoin Plaintiffs from conveying or otherwise transferring ownership of the home. Plaintiffs responded by requesting that the temporary injunction be denied. The record does not contain an order with respect to Defendants' request for a temporary injunction.

[3] On June 18, 2010, Defendants moved to dismiss the case for failure to prosecute and because the property at issue had been sold. Plaintiffs filed a response on June 25 and requested that the matter be set for trial. No order on this motion is in the record.

and entering a judgment awarding Defendants attorneys' fees in the amount of $31,252.50.[4] On January 9, 2012, the court entered an order awarding Defendants discretionary costs in the amount of $3,240.50. Plaintiffs filed a timely appeal.[5]

Plaintiffs' appeal, raising the following issues:

1. Whether the Trial Court erred in allowing Defendants to file a Counter-Complaint more than three years after service of the complaint.
2. Whether the Trial Court erred in finding the Plaintiffs failed to prove a breach of contract by the Defendants.
3. Whether the Trial Court erred in finding that Plaintiffs breached the contract.
4. Whether the Trial Court erred in awarding Defendants discretionary costs and attorney fees.

## II. Discussion

With respect to Plaintiffs' first issue, we address whether the court properly exercised its discretion in allowing Defendants to amend their pleadings to assert a counterclaim. Plaintiffs contend that trial court erred in granting Defendants' motion because Defendants did not state any facts justifying an amendment and because the Court did not state the basis for its ruling in the order allowing filing of the counter-complaint.

Rule 13.06 of the Tennessee Rules of Civil Procedure provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Amendments to the pleadings are governed by Tenn. R. Civ. P. 15.01, which states that leave to amend the pleadings "shall be freely given when justice so requires." The determination whether or not to grant a motion to amend a pleading lies within the sound discretion of the trial court. *Burton v. Carroll County*, 60 S.W.3d 821, 832 (Tenn. Ct. App. 2001); *State Dept. of Human Servs. v. Hauck*, 872 S.W.2d 916, 919 (Tenn. Ct. App. 1993); *Merriman v. Smith*, 599 S.W.2d 548 (Tenn. Ct. App. 1979). A trial court's discretionary ruling on amendments to pleadings will not be disturbed on appeal unless there is a showing of abuse of discretion.

---

[4] At a hearing on December 14, Defendants reiterated the fact that in their supplemental trial brief they waived all claims in their counter-complaint with the exception of attorney's fees and the refund of the earnest money deposit.

[5] All proceedings on appeal were stayed pursuant to a June 4 order of this court due to the fact that bankruptcy petitions were pending on behalf of Plaintiffs. The record shows that Mr. Stalker received a discharge in bankruptcy on August 27, 2012, and Mr. Young received a discharge on September 24, 2012.

*George v. Bldg. Materials Corp*., 44 S.W.3d 481, 486 (Tenn. 2001); *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 904 (Tenn. 1987). A court abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

We have examined Defendants' motion to file the counter-complaint in light of the standards stated above, the nature of this proceeding and the issues involved and hold that the trial court did not abuse its discretion in granting the motion. The record shows that the home sold while the case was pending and the relief sought by Defendants in the counter-complaint consisted of a refund of the earnest money deposit and amounts Defendants had paid for interior design services; it was appropriate for Defendants to seek refund of these amounts because they did not purchase the home. Moreover, Plaintiffs have failed to identify any harm or prejudice occasioned by the allowance of the amendment.

With respect to their second issue, Plaintiffs contend that the trial court erred in finding that Plaintiffs failed to prove a breach of contract by Defendants.

The order dismissing Plaintiffs' case states in full:

> This matter came before the Court on the 7th day of November, 2011 on Motion to Dismiss made by the original Defendants and Counter-Plaintiffs, David R. Nutter and Tamara D. Nutter, with respect to claims made upon them by the original Plaintiffs, William D. Stalker and Stephen L. Young, and it appearing to the Court that the proof and evidence presented by the Plaintiffs Stalker and Young on the day of trial conducted in this matter on September 28, 2011 did not establish a valid cause of action for breach of contract against the original Defendants, David R. Nutter and Tamara D. Nutter,
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Action of the original Plaintiffs, William D. Stalker and Stephen L. Young, against the original Defendants, David R. Nutter and Tamara D. Nutter, is DISMISSED WITH PREJUDICE.

Neither this order nor the Final Order and Judgment gives the basis of the court's ruling.

Rule 41.02(2) of the Tennessee Rules of Civil Procedure, as amended effective July 1, 2010, provides as follows:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant . . . may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . . *If the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.*

Tenn. R. Civ. P. 41.02(2) (emphasis added).

The Advisory Commission Comment regarding the amendment provides: "The final sentence of Rule 41.02(2) deletes the requirement of a request for written findings of fact and conclusions of law. Instead, in conformity with Rule 52.01, findings of fact and conclusions of law are required without request." Tenn. R. Civ. P. 52.01 mandates that trial courts are to issue findings of fact and conclusions of law in all actions tried upon the facts without a jury. *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012). In discussing the implications of this mandate for appellate review with respect to Rule 52.01, this Court has stated:

> This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promoting the just and speedy resolution of appeals." "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision."

*Heritage Operating, LP v. Henry Cnty. Propane Gas, Inc.*, No. W2011-01162-COA-R3-CV, 2012 WL 2989120, at *8 (Tenn. Ct. App. July 23, 2012) (quoting *In re Estate of Thompson*, No. M2011-00411-COA-R3-CV, 2012 WL 912859, at *19 (Tenn. Ct. App. Mar. 14, 2012) (Stafford, J., concurring)) (citations omitted).

The determination of whether the court erred in granting Defendant's motion requires that we review the trial court's findings of fact; such review is not possible in this case. Accordingly, we vacate the decision of the trial court and remand for detailed findings of fact and conclusions of law.[6]

---

[6] In cases involving a court's failure to make finding of fact as required by Tenn. R. Civ. P. 52.01, this Court has vacated the decision of the trial court and remanded the case for entry of such findings. *See Pandey v. Shrivastava*, No. W2012-00059-COA-R3-CV, 2013 WL 657799 (Tenn. Ct. App. Feb. 22, 2013); *Barnes*, 2012 WL 5266382; *Leo v. Gardner*, No. M2010-02616-COA-R3-CV, 2012 WL 440720 (Tenn. Ct.

(continued...)

In their third and fourth issues, Plaintiffs contend that the trial court erred in finding that they breached the contract and in awarding Defendants discretionary costs and attorneys fees.

The trial resumed on December 14. After determining that neither party intended to introduce additional proof, the court ruled: "In this matter, the court finds a breach of contract by William B. Stalker and Steven L. Young." This holding, however, was not incorporated into the December 22 order that the earnest money be returned to Defendants; neither did the order state the factual basis upon which the court made the determination.

The court's order that the escrow funds be returned to Defendants and the award of attorneys fees to Defendant is predicated upon its determination that Plaintiffs breached the Purchase and Sale Agreement.[7] As discussed above, Tenn. R. Civ. P. 52.01 requires the court to enter findings of fact in cases tried without a jury; in the absence of such findings it is necessary for us to vacate the December 22 order and remand the case for entry of same.[8]

In Defendants' motion to place this case on the active docket, Defendants stated that the bankruptcy proceedings had been concluded with Mr. Stalker receiving a discharge on August 27, 2012, and Mr. Young receiving a discharge on September 24, 2012. This is the extent of this Court's knowledge with respect to the bankruptcy proceedings of Plaintiffs.[9]

"Discharge in bankruptcy operates to void a debtor's personal liability for any judgment obtained prior to the debtor's bankruptcy filing." *Ford Consumer Fin. Co., Inc. v. Clay*, 984 S.W.2d 615 (Tenn. Ct. App. 1998). Based upon the provisions of 11 U.S.C. 524(a)(2), a creditor may not act to enforce a pre-petition debt that has been discharged as a personal liability of the debtor. *Id.* In remanding the case for the entry of factual findings

---

[6](...continued)
App. Feb. 10, 2012); *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563 (Tenn. Ct. App. June 9, 2011); *Clement Homes, Inc. v. Chilcutt*, No. W2009-02277-COA-R3-CV, 2010 WL 2812574 (Tenn. Ct. App. July 16, 2010); *Cf. Wall v. Wall*, No. W2010-01069-COA-R3-CV, 2011 WL 2732269 (Tenn. Ct. App. July 14, 2011).

[7] Section 26 of the Purchase and Sale Agreement provides for disbursement of the earnest money upon default of one of the parties. If the buyer defaults, the money is forfeited and paid to the seller as partial liquidated damages; if the seller defaults, the deposit is returned to the buyer.

[8] For the same reason, we vacate the January 9, 2012 order awarding Defendants discretionary costs of $3,240.50.

[9] In their brief on appeal, Defendants state that they are "prohibited from any effort to attempt collection" under 11 U.S.C. § 524(a)(1) and (2).

in accordance with Tenn. R. Civ. P. 41 and 52 we do not preclude the trial court or the parties from addressing the impact of Plaintiffs' discharge in bankruptcy on the underlying claims.

### III. Conclusion

The decision of the trial court is vacated and the cause is remanded for further proceedings in accordance with this opinion.

_____
RICHARD H. DINKINS, JUDGE